**Schultz v. Alex Enterprises LLC**

*Ray DePaola,* for plaintiffs.
*Scott D. Pellinger,* for defendant.

MOTT, *J.,* October 6, 2005—Before the court is the motion for summary judgment filed by the defendant, Alex Enterprises LLC, d/b/a Alex Enterprises. The facts of this case are as follows: On May 7, 2001, the plaintiffs entered into a contract with Alex for the sale of two parcels of real property located in Wysox, Pennsylvania. Alex intended to lease the property to Tops in order for Tops to build a grocery store at that location. As part of the agreement, Alex paid a total of $10,000 to the plaintiffs ($5,000 to the Schultzs and $5,000 to the Jurnacks),

as down payments on the properties that they respectively owned. This amount was held in escrow by the defendant, Commercial Choice Realty Inc. One hundred and eighty days later, Alex paid another $5,000 to the Schultzs and $5,000 to the Jurnacks, to extend the agreement by an additional 180 days. This second payment was also held in escrow by Commercial Choice. On May 14, 2002, Alex terminated the agreement because Tops decided not to build the store and, therefore, Tops did not need to lease the property. As a result, Commercial Choice returned the $20,000 it held in escrow to Alex.

The plaintiffs allege that Alex defaulted under the contract and, thereby, forfeited the $20,000 advance payments.

Initially, we note that a party may move for summary judgment after the relevant pleadings are closed whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert reports. Pa.R.C.P. 1035.2(1). In the alternative, a party may move for summary judgment if, after the completion of discovery relevant to the motion, the party who bears the burden of proof at trial has failed to produce evidence essential to sustain his case at trial. Pa.R.C.P. 1035.2(2). Our standard for determining whether to grant such a motion is well settled. We must resolve all doubt against the moving party and examine the record in a light most favorable to the non-moving party. *Merriweather v. Philadelphia Newspapers Inc.,* 453 Pa. Super. 464, 471, 684 A.2d 137, 140 (1996). Summary judgment can only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Id.*

The defendant, Alex Enterprises, asserts that summary judgment should be entered in its favor because the plaintiffs have failed to plead, or to offer any proof, that the conditions precedent of the contract have been met. Pa.R.C.P. 1019(c) states that "[i]n pleading the performance of occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Paragraph eight of the contract, attached as exhibit B to the complaint, lists the conditions precedent as requiring that the purchaser must obtain zoning approval satisfactory to the purchaser, that the purchaser must be able to receive utility services, that the purchaser must be able to obtain engineering, wetlands, and environmental reports, soil tests, and planning feasibility studies, and that the purchaser must be able to obtain final site approval from its lessee pursuant to an executed lease satisfactory to the purchaser. In this case, the plaintiffs did not even plead that these conditions precedent have been met, let alone offer any proof that they have been. Furthermore, the defendant has offered evidence that the "final site approval" condition precedent has not been met, because Tops decided not to build on the properties. Finally, the plaintiffs have not offered any evidence to contradict the defendant's evidence in regard to site approval. See Pa.R.C.P. 1035.3(a)(1) and (2) (stating, in relevant part, that the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response identifying one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion, or evidence in the record establishing the facts essential to the cause of action which the motion

cites as not having been produced). Therefore, the defendant's motion will be granted.

Accordingly, we enter the following:

## ORDER

And now, October 6, 2005, in accord with the memorandum opinion filed this date, the motion for summary judgment filed by the defendant, Alex Enterprises, is granted. As a result, on praecipe, the clerk of courts is directed to enter judgment in favor of the defendant, Alex Enterprises, and against the plaintiffs, David Schultz, Lynette Schultz, David Jurnack and Mary Jurnack.